IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SALVADOR RAMIREZ, <br><br> Petitioner, <br><br><br> vs. <br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 <br><br><br><br><br> Civil Case No. 2:12-CV-274 TS <br><br> Criminal Case No. 2:09-CR-784 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons discussed below, the Court will deny Petitioner's Motion.

I.  BACKGROUND

Petitioner was named, along with several co-defendants, in an Indictment on October 14, 2009, charging him with manufacture of a controlled substance by cultivation and conspiracy to manufacture a controlled substance by cultivation.  Petitioner was subsequently named in a Superseding Indictment on May 26, 2010, which added a count under 18 U.S.C. § 924(c).

1

On November 15, 2010, the day he was scheduled to go to trial, Petitioner pleaded guilty to each count of the Superseding Indictment. On February 24, 2011, Petitioner was sentenced to a term of imprisonment of 120 months. Judgment was entered on February 25, 2011. Petitioner did not seek direct appeal, but did file his § 2255 Motion on March 19, 2012.

## II.  DISCUSSION

Petitioner raises the following arguments in his motion: (1) ineffective assistance of counsel for failing to file a notice of appeal; (2) ineffective assistance of counsel for failing to object to a lack of factual basis for the plea; (3) ineffective assistance of counsel for failing to object to conditions of supervised release; and (4) ineffective assistance of counsel for failing to challenge the quantity of marijuana.

The government argues that all but Petitioner's second claim are barred by the collateral appeal waiver in Petitioner's plea agreement and that his Motion is untimely. In his reply, Petitioner argues that both his first, second, and fourth claims are not barred by the collateral appeal waiver. For the reasons discussed below, the Court finds that Petitioner's Motion is timely, that Petitioner's first and third claims are barred by the collateral appeal waiver contained in the plea agreement, and that Petitioner's second and fourth claims fail on the merits.

A.  TIMELINESS

The government argues that Petitioner's Motion should be dismissed because it is untimely. As set forth above, Judgment was entered on February 25, 2011, but the Court did not receive Petitioner's § 2255 Motion until March 19, 2012.

28 U.S.C. § 2255(f)(1) provides for a one year limitations period, which begins to run on "the date on which the judgment of conviction becomes final." As Petitioner did not file a direct appeal, his conviction became final for purposes of § 2255(f)(1), when the time for filing such an appeal expired.[1] Under this formula, Petitioner's conviction became final on March 11, 2011.[2]

Petitioner relies on the "prisoner mailbox rule" to assert that his filing is timely.

> [A]n inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.[3]

The government argues that Petitioner's filing does not meet the requirements of the "prisoner mailbox rule." The Court disagrees. On the final page of his § 2255 Motion, Petitioner states, under penalty of perjury, that he placed his Motion in the prison mailing system on March 6, 2011. This is within the time limitations established by § 2255(f). Therefore, the Court finds his Motion to be timely filed.

---

[1] *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.").

[2] *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing that a notice of appeal must be filed within 14 days of the entry of judgment).

[3] *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005).

B.    COLLATERAL APPEAL WAIVER

The Tenth Circuit has established a three-part test to interpret appeal waivers, based upon contract principles.[4] The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[5] The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and in favor of a defendant's appellate rights.'"[6] Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."[7] With these principles in mind, the Court proceeds with its analysis.

    1.    *Scope of Appeal Waiver*

Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[8]

---

[4] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[5] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[6] *Id*. (internal citations and quotations omitted).

[7] *United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

[8] Case No. 2:09-CR-784 TS, Docket No. 303, at 5.

The Court finds that the language of the plea agreement is clear and unequivocal. Petitioner waived any right to bring a collateral attack on his sentence, including a motion brought pursuant to 28 U.S.C. § 2255. However, such a collateral appeal waiver does not prohibit ineffective assistance of counsel claims challenging the validity of the plea or the waiver.[9]

With this standard in mind, the Court must consider whether Petitioner's claims fall within the scope of the collateral appeal waiver contained in his plea agreement.

As to his first claim, that counsel was ineffective for failing to file an appeal, Petitioner points to *United States v. Gurrero*[10] and *United States v. Garrett*,[11] for the proposition that, despite the waiver, he may prevail on his first ineffective assistance of counsel claim. The Tenth Circuit, however, has recently clarified that *Gurrero* and *Garrett* are distinguishable from cases like the one before the Court. In *Gurrero* and *Garrett*, the government did not argue that the collateral appeal waiver barred such claims.[12] Where, as here, the government seeks to enforce the collateral appeal waiver, the waiver will bar an appeal-related ineffective assistance claim when "counsel's alleged failure to file an appeal does not undermine the validity of the plea or

---

[9] *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[10] 488 F.3d 1313 (10th Cir. 2007).

[11] 402 F.3d 1262 (10th Cir. 2005).

[12] *United States v. Viera*, 674 F.3d 1214, 1218-19 & n.4 (10th Cir. 2012).

the waiver."[13] There is nothing to suggest that counsel's alleged failure to file an appeal in this case undermines the validity of Petitioner's plea or the waiver. Therefore, this claim is barred.

Turning next to Petitioner's second and fourth claims, the Court finds that they are not barred by the collateral appeal waiver. As stated, the Tenth Circuit has held that a collateral appeal waiver does not prohibit ineffective assistance of counsel claims challenging the validity of the plea or the waiver. In both his second and fourth claims Petitioner asserts that counsel was ineffective for failing to object to the insufficiency of the evidence. Such claims may challenge the validity of Petitioner's guilty plea.[14] Therefore, Petitioner's second and fourth claims are not within the scope of the collateral appeal waiver.

Finally, the Court considers Petitioner's third claim. In that claim, Petitioner argues that counsel was ineffective for failing to object to certain conditions of supervised release. That claim does not challenge the validity of Petitioner's plea or of the collateral appeal waiver. Therefore, it falls within the scope of the waiver and that claim is barred.

    2.    *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[15] In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states

---

[13] *Id.* at 1219.

[14] *See Cockerham*, 237 F.3d at 1190-91.

[15] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

that the defendant entered the agreement knowingly and voluntarily,"[16] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[17]

Petitioner argues that there was not a sufficient Rule 11 colloquy. However, a review of the transcript from the change of plea hearing and the Statement in Advance of Plea confirm that Petitioner was informed of the waiver of his collateral appeal rights, that he was aware of the provision of the plea agreement waiving those rights, and that he waived those rights knowingly and voluntarily. Therefore, the Court finds that the collateral appeal waiver was entered into knowingly and voluntarily.

  3.  *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[18]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[19]

Petitioner bears the burden of establishing a miscarriage of justice.[20]

---

[16] *Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[17] *Id.* (internal citations omitted).

[18] *Id*. at 1327 (internal citations omitted).

[19] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[20] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Petitioner does not raise any of these factors in his Motion and there is nothing in his Motion to support such a finding. Therefore, the Court finds that enforcing the waiver would not result in a miscarriage of justice. As a result, the Court will enforce Petitioner's waiver as to his first and third claims.

C.      INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's second and fourth claims assert ineffective assistance of counsel. The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[21] A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[22] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[23] Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[24]

---

[21] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[22] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[23] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[24] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

*1.     Second Claim*

Petitioner's second claim asserts that counsel was ineffective for failing to object to what Petitioner argues was a lack of a factual basis for his conviction under 18 U.S.C. § 924(c). To understand Petitioner's argument, the Court must look to the language of 18 U.S.C. § 924(c), the Superseding Indictment, and the Statement in Advance of Plea.

18 U.S.C. § 924(c) provides an enhanced sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, *or* who, in furtherance of any such crime, possesses a firearm."[25]

While the statute states the crime in the disjunctive—uses or carries *or* possesses—the Superseding Indictment is phrased in the conjunctive: "defendants herein, did knowingly use and carry one or more of the . . . firearms and ammunition during and in relation to a drug-trafficking crime *and* did possess one or more of the . . . firearms and ammunition in furtherance of a drug-trafficking crime."[26]

The factual statement in the Statement in Advance of Plea returns to the disjunctive:

> The elements of Count III, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, are as follows: (1) defendant committed a crime as charged in Counts I or II of the Superseding Indictment; and (2) defendant possessed a firearm in furtherance of the crime; *or* (2) defendant used or carried a firearm in relation to this crime.[27]

---

[25] 18 U.S.C. § 924(c)(1)(A) (emphasis added).

[26] Case No. 2:09-CR-784 TS, Docket No. 197, at 3 (emphasis added).

[27] *Id.*, Docket No. 301, at 2 (emphasis added).

At the change of plea hearing, Petitioner admitted the following facts as to the § 924(c) charge: "On or about September 17th, 2009, in the Central Division of the District of Utah, I used or carried firearms during and in relation to the crimes charged in Counts I and II of the Superseding Indictment . . . . My conduct constitutes a violation of 18 U.S.C. § 924(c)(1)(A)."[28]

Petitioner's ineffective assistance argument is centered around the different language in the statute, Superseding Indictment, and Statement in Advance of Plea. Petitioner argues that, if the government is asserting that he possessed the firearm, that was not part of the plea agreement and there are not facts to support possession. Petitioner further argues that, if the government alleges that Petitioner used or carried the firearm, he was not charged with that offense.

It is "hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive."[29] Thus, the government could prove a violation of § 924(c) by showing either (1) the Petitioner used or carried a firearm during and in relation to a drug trafficking crime; or (2) that he possessed a firearm in furtherance of a drug trafficking crime. It need not show both.

In this case, the Superseding Indictment is phrased in the conjunctive. Therefore, the § 924(c) count could be proven by showing that Petitioner used or carried a firearm during and in relation to a drug trafficking crime *or* that he possessed a firearm in furtherance of a drug trafficking crime. Both the plea agreement and plea colloquy established a sufficient factual basis to conclude that Petitioner used or carried firearms during and in relation to a drug

---

[28] *Id.* at 4.

[29] *United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976).

trafficking crime.  Therefore, the Court cannot find that counsel's performance was deficient in failing to object to the factual basis of Petitioner's plea and the Court need not consider Petitioner's arguments concerning the sufficiency of the evidence for a possession in furtherance charge.

    2.    *Fourth Claim*

Count I of the Superseding Indictment charged Petitioner with knowingly and intentionally manufacturing marijuana by cultivation in the quantity of 1,000 or more plants.  As a result of this quantity, Petitioner faced a ten-year minimum mandatory sentence.[30]  In his Statement in Advance of Plea, Petitioner admitted that he "knowingly and intentionally manufactured (and aided and abetted others in manufacturing) more than 1,000 marijuana plants by cultivation."[31]

Petitioner asserts that the government's only evidence in support of the number of plants comes from photographs of the cultivation site.  Petitioner's fourth claim alleges that counsel was ineffective for failing to challenge the quantity of marijuana.  As the government's Supplemental Memorandum states, however, the government had much more evidence to introduce at trial than just the photographs of the site.  This evidence would have been available to petitioner's counsel.  Based on this, the Court cannot find the counsel performed deficiently by failing to challenge the quantity of marijuana.  Neither can Petitioner show prejudice, as he

---

[30] 21 U.S.C. § 841(b)(1)(A)(vii).

[31] Case No. 2:09-CR-784 TS, Docket No. 301, at 4.

admitted during his change of plea that he knowingly and intentionally manufactured by cultivation 1,000 or more marijuana plants.  Therefore, this claim fails.

## III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:12-CV-274 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:12-CV-274 TS forthwith.

DATED   December 18, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge